**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anita Rodriguez-Wakelin, | No. CV-17-00376-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Daniel Barry, et al., | |
| Defendants. | |

On January 19, 2018, Defendants Daniel Barry ("Barry"), Gary Parrish ("Parrish"), and Scott Glass ("Glass") (collectively, "Defendants") filed a Motion for Partial Summary Judgment (Doc. 22) and a separate Statement of Facts in support thereof (Doc. 23). Plaintiff Anita Rodriguez-Wakelin ("Plaintiff") filed a Response on April 26, 2018 (Doc. 49) and a separate Statement of Facts (Doc. 51) the following day.[1] Defendants filed a Reply on May 24, 2018. (Doc. 58.) On June 7, 2018, Plaintiff filed a Surreply. (Doc. 59.)[2]

. . . .

---

[1] Plaintiff was granted multiple extensions of the response deadline. (*See* Docs. 29, 42.) She was also granted leave to file her Statement of Facts one day past the extended deadline. (Doc. 53.) Plaintiff filed a duplicate Statement of Facts at Document 52; in this Order, the Court will cite only to Document 51 rather than the duplicate appearing at Document 52.

[2] Plaintiff did not seek leave of Court to file the Surreply. The Local Rules of Civil Procedure allow for the filing of motions, responses, and replies. *See* LRCiv 7.2(a)-(c). As this Court has already explained (*see* Doc. 20 at 1), leave of Court is required to file a surreply. Because Defendants have not moved to strike Plaintiff's Surreply, the Court has considered the Surreply and will grant leave to file it *nunc pro tunc*. However, Plaintiff is warned that, if she files any surreplies in the future without first obtaining leave of Court, the filings may be stricken from the docket.

## I. Facts

On April 10, 2017, City of Tucson mail room clerk Ray Corral ("Corral") signed for the delivery of several items of certified mail sent to 255 W. Alameda, Tucson, AZ 85701. (Doc. 51-2 at 1-2; *see also* Doc. 58 at 3; Doc. 58-1 at 2.) The items that Corral signed for were addressed to the Tucson City Clerk, Barry, Parrish, and unnamed TPD officers.[3] (Doc. 51-2 at 1-2.) Corral submitted an affidavit stating that, while he is authorized to accept certified mail sent to the address 255 W. Alameda, he is not authorized to accept service on behalf of Barry, Parrish, or Glass. (Doc. 58-1 at 1-2.)

Also on April 10, 2017, Deputy City Clerk Ana Juarez ("Juarez") accepted service of a Notice of Claim on behalf of the City of Tucson. (Doc. 23 at 1; Doc. 23-2 at 2-3, 5.) The Notice of Claim indicates that it was sent via certified mail to the Tucson City Clerk as well as to Barry, Parrish, and Glass c/o the Tucson City Clerk. (*See* Doc. 23-2 at 7.) Juarez documented that a Notice of Claim had been received on behalf of the City of Tucson. (*Id.* at 2-3, 5.) The documentation form indicates that courtesy copies of the Notice of Claim were sent via email to the Risk Manager and City Attorney. (*Id.* at 5.) In an affidavit, Juarez avers that she is authorized to accept service on behalf of the City of Tucson but that she is not authorized to accept service on behalf of Barry, Parrish, or Glass. (*Id.* at 2-3.) Barry, Parrish, and Glass also aver in affidavits that they never authorized the Tucson City Clerk to accept service on their behalf in any matters and they were never served with a Notice of Claim from Plaintiff. (*Id.* at 13-14, 16-17, 19-20.) Plaintiff disputes whether Barry, Parrish, and Glass authorized anyone to accept a notice of claim on their behalf, and she avers that both the Risk Manager and City Attorney are responsible for serving city employees and were notified of her Notice of Claim. (Doc. 51 at 2.)

The Notice of Claim states that the claims alleged therein can be settled for $2,500.000.00. (Doc. 23-2 at 11.)

---

[3] The certified mail return receipt for Glass is unsigned. (Doc. 51-2 at 1.) However, there appears to be no dispute that Corral accepted certified mail addressed to Glass, in addition to accepting certified mail addressed to Barry and Parrish. (*See* Doc. 58 at 3.)

## II. Standard of Review

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is genuine if the evidence is such that a reasonable trier of fact could resolve the dispute in favor of the nonmoving party. *Id.* In evaluating a motion for summary judgment, the court must "draw all reasonable inferences from the evidence" in favor of the party opposing summary judgment. *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1150 (9th Cir. 2002). A reasonable inference is one which is supported by "significant probative evidence" rather than "threadbare conclusory statements." *Barnes v. Arden Mayfair, Inc.*, 759 F.2d 676, 680-81 (9th Cir. 1985) (internal quotation omitted). If "the evidence yields conflicting inferences [regarding material facts], summary judgment is improper, and the action must proceed to trial." *O'Connor*, 311 F.3d at 1150.

The party moving for summary judgment bears the initial burden of identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant fails to carry its initial burden of production, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co. v. Fritz Co.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). But if the movant meets its initial responsibility, the burden shifts to the nonmovant to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal citation and emphasis omitted); *see also* Fed. R. Civ. P. 56(c)(1).

## III. Discussion

In their Motion for Partial Summary Judgment, Defendants argue (1) that Plaintiff's claims are barred under A.R.S. § 12-821.01 because Barry, Parrish, and Glass were not properly served with a Notice of Claim; (2) that the Notice of Claim served on

the Tucson City Clerk was deficient because it did not include a sum certain for which each defendant could settle; and (3) that Plaintiff's claims arising from the search and seizure of her son are barred by the statute of limitations. Defendants subsequently withdrew their argument concerning the statute of limitations. (Doc. 58 at 5-6.) Accordingly, the Court will address only the first two arguments.

### A. Compliance with Requirements for Statements of Facts

As an initial matter, both parties dispute the adequacy of the opposing party's Statement of Facts. Plaintiff points out that Defendants' Statement of Facts addresses only the issue of service of the Notice of Claim and does not address Defendants' sum-certain argument. (Doc. 51 at 2.) Although it is true that Defendants' Statement of Facts fails to include any specific statements supporting their sum-certain argument (*see* Doc. 23), Defendants attached a copy of Plaintiff's Notice of Claim as an exhibit to their Statement of Facts (Doc. 23-2 at 7-11), and the Notice of Claim is the only evidence needed to resolve the sum-certain argument. Accordingly, the Court addresses the merits of Defendants' sum-certain argument below.

Defendants dispute whether Plaintiff filed a proper controverting Statement of Facts. (Doc. 58 at 1-3.) The Local Rules require any party opposing a motion for summary judgment to file a separate statement setting forth:

> (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed; and (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. Each additional fact must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the fact finds support.

LRCiv 56.1(b).

The Court finds that Plaintiff has complied with LRCiv 56.1(b) in substance, even though her Statement of Facts could have been formatted more clearly. Plaintiff's Statement of Facts begins with five numbered paragraphs, the contents of which relate to the contents of the correspondingly numbered paragraphs of Defendants' Statement of

Facts. (*Compare* Doc. 23 at 1-2, *with* Doc. 51 at 1-2.) Plaintiff clearly states the factual assertions that she disputes in three of those five paragraphs, and the substance of her disputes in the remaining two paragraphs is reasonably clear. Plaintiff cites specific portions of the record to support each of the five paragraphs, as required by LRCiv 56.1(b).[4] Accordingly, the Court interprets the paragraphs numbered one through five of Plaintiff's Statement of Facts as controverting statements of fact raised pursuant to LRCiv 56.1(b)(1), and the remainder of the enumerated paragraphs as additional facts raised pursuant to LRCiv 56.1(b)(2).

## B. Service of Notice of Claim

Defendants argue that Plaintiff's state-law claims against them are barred under Arizona's notice of claim statute, A.R.S. § 12-821.01, because Plaintiff failed to properly serve Barry, Parrish, and Glass with a notice of claim.

Before suing a public employee, a claimant must file a notice of claim in compliance with Arizona's notice of claim statute, which states:

> Persons who have claims against a public entity, public school or a public employee shall file claims with the person or persons authorized to accept service for the public entity, public school or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity, public school or public employee to understand the basis on which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

A.R.S. § 12-821.01(A). The purpose of the notice required by A.R.S. § 12-821.01(A) "is to allow the public employee and his employer to investigate and assess their liability, to permit the possibility of settlement prior to litigation and to assist the public entity in financial planning and budgeting." *Crum v. Superior Court*, 922 P.2d 316, 317 (Ariz. App. 1996).

"When a person asserts claims against a public entity and public employee, the

---

[4] Defendants' arguments that the cited evidence does not actually support Plaintiff's positions go to the merits of the pending Motion for Partial Summary Judgment rather than the procedural adequacy of Plaintiff's Statement of Facts.

- 5 -

person 'must give notice of the claim to *both* the employee individually and to his employer.'" *Harris v. Cochise Health Sys.*, 160 P.3d 223, 230 (Ariz. App. 2007) (quoting *Crum*, 922 P.2d at 317); *see also Johnson v. Superior Court*, 763 P.2d 1382, 1384 (Ariz. App. 1988) (analyzing predecessor statute). "Providing notice to a governmental agency fails to suffice to give notice to the individual employee." *McGrath v. Scott*, 250 F. Supp. 2d 1218, 1236 (D. Ariz. 2003); *see also West v. United States*, 2015 WL 427715, at *3 (D. Ariz. Feb. 2, 2015) (claim against city employee barred where plaintiff served notice of claim on city but not on individual employee).

The filing of a notice of claim pursuant to A.R.S. § 12-821.01(A) may be accomplished by mailing the notice to a person authorized to accept service. *See Lee v. State*, 182 P.3d 1169, 1171 (Ariz. 2008). Arizona Rule of Civil Procedure 4.1 sets forth the persons authorized to accept service for various public entities and individuals. *See* Ariz. R. Civ. P. 4.1; *Lee*, 182 P.3d at 1172. The requirements for serving an individual are distinct from the requirements for serving a governmental entity. *See* Ariz. R. Civ. P. 4.1(d), (h). An individual may be served by "(1) delivering a copy of the [document] being served to that individual personally; (2) leaving a copy . . . at that individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy . . . to an agent authorized by appointment or by law to receive service of process." Ariz. R. Civ. P. 4.1(d).

Strict compliance with A.R.S. § 12-821.01(A) is required. *Simon v. Maricopa Med. Ctr.*, 234 P.3d 623, 630 (Ariz. App. 2010). Neither "[a]ctual notice" nor "substantial compliance" is sufficient. *Falcon ex rel. Sandoval v. Maricopa Cnty.*, 144 P.3d 1254, 1256 (Ariz. 2006); *Harris*, 160 P.3d at 230. Serving a notice of claim "on someone whose usual practice is to forward the claim" to a person authorized to accept service does not satisfy A.R.S. § 12-821.01(A). *Falcon*, 144 P.3d at 1259; *see also Sandpiper Resorts Dev. Corp. v. La Paz Cnty.*, 2011 WL 2737811, at *6 (Ariz. App. July 14, 2011) ("claimants do not satisfy the filing requirement of section 12-821.01(A) simply because they send the notice to persons not authorized by statute and rule to

receive the notice and those persons by happenstance forward the notice on to persons authorized" to accept service).

"If a notice of claim is not properly filed within the statutory time limit, a plaintiff's claim is barred by statute." *Falcon*, 144 P.3d at 1256; *see also Donovan v. Yavapai Cnty. Cmty. Coll. Dist.*, __ P.3d __, 2018 WL 2440696, at *2 (Ariz. App. May 31, 2018) (compliance with A.R.S. § 12-821.01 "is a necessary prerequisite to filing a lawsuit against a public entity").

To perfect her state-law claims against Barry, Parrish, and Glass, Plaintiff needed to deliver a Notice of Claim to each defendant personally, to a person of suitable age and discretion residing with each defendant, or to an agent authorized to receive service on behalf of each defendant. *See Simon*, 234 P.3d at 629; Ariz. R. Civ. P. 4.1(d). Plaintiff did not deliver Notices of Claim to Barry, Parrish, or Glass personally or to a person of suitable age and discretion residing with them. Instead, she sent separate Notices of Claim addressed to Barry, Parrish, and Glass via certified mail to the Tucson City Clerk. Accordingly, the issue before the Court is whether the Tucson City Clerk is "an agent authorized by appointment or by law to receive service of process" on behalf of Barry, Parrish, and Glass. Ariz. R. Civ. P. 4.1(d); *see also Simon*, 234 P.3d at 629-30.

Barry, Parrish, and Glass aver that they did not appoint any agents to accept service on their behalf, and both Juarez and Corral aver that they are not authorized to accept service on behalf of Barry, Parrish, and Glass. The Court finds that Defendants have met their initial burden of production on the issue of whether the Tucson City Clerk is authorized to accept service on behalf of Barry, Parrish, and Glass. Accordingly, the burden shifts to Plaintiff to demonstrate the existence of a genuine issue of fact that is material to this issue. *See Matsushita*, 475 U.S. at 586-87.

Neither the job descriptions attached to Plaintiff's Statement of Facts (Doc. 51-4, 51-6) nor the Tucson City Charter's enumeration of the powers and duties of the Tucson City Clerk, without more, demonstrate a genuine issue as to whether the Tucson City Clerk is authorized to accept service on behalf of Barry, Parrish, and Glass. However,

Plaintiff also points to the City of Tucson's Risk Management Policy, which states that the "City Clerk receives notification of all claims against the City, its agents and employees," and that "[u]pon receipt of a claim, the Clerk shall date stamp the claim with the time and date," "assign it a record number," and forward it "to the Risk Manager and/or the City Attorney for processing." City of Tucson Risk Management Policy, Administrative Directive # 3.06-1, Part IX(A) (May 2, 2016), *available at* https://www.tucsonaz.gov/files/hr/ad/3-06-1.pdf. The record evidence shows that Juarez complied with the Risk Management Policy with respect to her documentation and forwarding of Plaintiff's Notice of Claim against the City of Tucson. It is undisputed that Juarez accepted service on behalf of the City of Tucson and that she documented the Notice of Claim with a date/time stamp, assigned it a record number, and forwarded it to the Risk Manager and City Attorney. It is also undisputed that the City Clerk received Notices of Claims addressed to Barry, Parrish, and Glass; that the Notice of Claim processed by Juarez listed Barry, Parrish, and Glass as defendants; and that the City Attorney, who was notified of the Notice of Claim, now represents Barry, Parrish, and Glass in this action. Because the Risk Management Policy states that the Clerk receives notices of claims against City of Tucson employees as well as the City itself, the Court finds that the Risk Management Policy, in combination with the other evidence in the record, is sufficient to demonstrate a genuine issue as to whether the Tucson City Clerk is authorized to receive notices of claims against city employees such as Barry, Parrish, and Glass.[5] Plaintiff has not conclusively demonstrated that the Tucson City Clerk is so

---

[5] Other cases that have found service on a city clerk insufficient for purposes of serving an individual employee are distinguishable. *See Mink v. Arizona*, 2010 WL 2594355, at *3 (D. Ariz. June 23, 2010); *Levesque v. City of Mesa*, 2009 WL 10673492, at *3 (D. Ariz. June 18, 2009); *Stewart v. Jacobs*, 2008 WL 11339951, at *2-3 (D. Ariz. June 20, 2008). *Mink*, *Levesque*, and *Stewart* did not address the issue of whether the Tucson City Clerk is authorized to accept service of a notice of claim on behalf of City of Tucson employees. Furthermore, unlike Plaintiff in the present case, the plaintiffs in *Mink* and *Levesque* failed to file separate notices of claim for each individual defendant. *Mink*, 2010 WL 2594355, at *3; *Levesque*, 2009 WL 10673492, at *3. Plaintiff's citation to the City of Tucson Risk Management Policy distinguishes the present case from *Stewart*, in which the plaintiff did not cite to any statute or code section indicating that the Phoenix City Clerk was authorized to receive notices of claims on behalf of individual employees. *See* 2008 WL 11339951, at *2.

authorized, but she need not do so at this stage of the proceedings. *See First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968). To survive summary judgment, Plaintiff need only identify evidence that "yields conflicting inferences" regarding material facts, *see O'Connor*, 311 F.3d at 1150, and she has done so.

### C. Sum-Certain Amount

Defendants also argue that the notice of claim that Plaintiff served on the City of Tucson did not comply with the sum-certain requirement of A.R.S. § 12-821.01 because it listed various parties but only one sum-certain amount for which the claims could be settled, rather than separate sum-certain amounts for each named defendant.

A notice of claim must "contain a specific amount for which the claim can be settled and the facts supporting that amount." A.R.S. § 12-821.01(A). To satisfy the sum-certain requirement, the "claimant must present the government with a definite amount which [s]he is willing to accept as full satisfaction of [her] claim." *Yollin v. City of Glendale*, 191 P.3d 1040, 1045 (Ariz. App. 2008); *see also Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 152 P.3d 490, 493 (Ariz. 2007) (notice must "include a particular and certain amount of money that, if agreed to by the government entity, will settle the claim").

Defendants do not present any authority for the proposition that a notice of claim listing various parties must include separate sum-certain amounts for which each listed party can settle. Contrary to Defendants' argument, the Arizona Court of Appeals has held that A.R.S. § 12-821.01 does not require a plaintiff with claims against multiple public entities or employees to "make separate settlement demands on each of the various alleged individual wrongdoers." *Havasupai Tribe of Havasupai Reservation v. Arizona Bd. of Regents*, 204 P.3d 1063, 1080 (Ariz. App. 2008); *see also Donovan*, 2018 WL 2440696, at *2 (plaintiff alleging multiple causes of action against multiple public entities satisfied sum-certain requirement by listing one specific amount for which claims could be settled); *Hamilton v. Yavapai Cmty. Coll. Dist.*, 2016 WL 5408320, at *6 (D. Ariz. Sept. 28, 2016) (rejecting argument that notice of claim was deficient for failure to

assert separate settlement demands for each defendant); *Phillippi v. Maricopa Cnty.*, 2011 WL 676923, at *4 (D. Ariz. Feb. 23, 2011) (same)

Plaintiff's Notice of Claim states that the claims alleged therein can be settled for $2,500.000.00. (Doc. 23-2 at 11.) This is sufficient to satisfy the sum-certain requirement of A.R.S. § 12-821.01. *See Yollin*, 191 P.3d at 1045 ("As long as the claimant states a definite and exact amount, and the government may completely satisfy its liability by paying that sum, the claim letter satisfies the sum certain requirement."). Plaintiff was not required to include in her Notice of Claim separate settlement demands with respect to each of the alleged wrongdoers. *See Donovan*, 2018 WL 2440696, at *2; *Havasupai Tribe*, 204 P.3d at 1080.

**IT IS ORDERED** that Plaintiff is granted leave, *nunc pro tunc*, to file the Surreply appearing at Doc. 59.

**IT IS FURTHER ORDERED** that Defendants Daniel Barry, Gary Parrish, and Scott Glass's Motion for Partial Summary Judgment (Doc. 22) is **denied**.

Dated this 30th day of July, 2018.

_____
Honorable Rosemary Márquez
United States District Judge