**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anita Rodriguez-Wakelin, | No. CV-17-00376-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Daniel Barry, et al., | |
| Defendants. | |

Pending before the Court is a Motion for Reconsideration filed by Defendants Daniel Barry ("Barry"), Gary Parrish ("Parrish") and Scott Glass ("Glass") (collectively, "Defendants"). (Doc. 68.) Defendants ask the Court to reconsider its prior finding that a material factual dispute precludes summary judgment on the issue of whether Plaintiff properly served Barry, Parrish, and Glass with a notice of claim pursuant to Arizona's notice-of-claim statute, A.R.S. § 12-821.01. The Court ordered Plaintiff to respond to the Motion (Doc. 69), but she failed to file a written Response and the deadline for doing so has expired. The Court held a hearing on October 4, 2018, at which both Plaintiff and counsel for Defendants argued their respective positions. (Doc. 78.)

**I.     Background**

On January 19, 2018, Defendants filed a Motion for Partial Summary Judgment arguing, in relevant part, that Plaintiff's state-law claims are barred by A.R.S. § 12-821.01 because Plaintiff failed to properly serve copies of her notice of claim on Barry,

Parrish, and Glass. (Doc. 22 at 2-3.)[1] In ruling on the Motion, the Court recognized that A.R.S. § 12-821.01 requires a person with a claim against a public employee to mail a notice of the claim to a person authorized to accept service for the public employee. (Doc. 66 at 5-6.) The Court also recognized that, pursuant to Rule 4.1 of the Arizona Rules of Civil Procedure, service of a document upon an individual may be accomplished by delivering a copy of the document to the individual personally or to an agent authorized by appointment or by law to receive service of process. (*Id.* at 6.) The Court then found that, although Plaintiff did not mail copies of her notice of claim to Barry, Parrish, or Glass personally, there was a material factual dispute regarding whether she mailed them to an authorized agent. (*Id.* at 7-9.) In so finding, the Court noted that Plaintiff mailed copies of her notice of claim addressed to Barry, Parrish, Glass, and the City of Tucson to the Tucson City Clerk, that the Tucson City Clerk followed procedures specified in the City of Tucson Risk Management Policy, Administrative Directive # 3.06-1, with respect to documenting Plaintiff's notice of claim against the City of Tucson and forwarding it to the City Attorney, that the notice of claim forwarded to the City Attorney listed Barry, Parrish, and Glass as defendants, that the City Attorney now represents Barry, Parrish, and Glass in this action, and that the Risk Management Policy specifies that the Tucson City Clerk receives notification of all claims against not only the City but also its employees. (*Id.* at 2, 7-9.)

## II. Legal Standard

Motions for reconsideration should be granted only in rare circumstances. *See Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* LRCiv 7.2(g) (motions for reconsideration will ordinarily be denied "absent a showing of

---

[1] Record citations refer to the page numbers generated electronically by the Court's electronic filing system.

manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence"). Motions for reconsideration should not be used for the purpose of asking a court "to rethink what the court had already thought through—rightly or wrongly." *Defenders of Wildlife*, 909 F. Supp. at 1351 (internal quotation marks omitted); *see also* LRCiv 7.2(g) (motions for reconsideration shall not "repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order"). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

## III. Discussion

In their Motion for Reconsideration, Defendants ask the Court to reconsider its ruling that a material factual dispute precludes summary judgment on the issue of whether Plaintiff properly served her notice of claim on Barry, Parrish, and Glass. (Doc. 68.) Defendants argue that there is no factual dispute that the Risk Management Policy states that the Tucson City Clerk receives notification of all claims against the City and its employees; however, Defendants argue that this language does not appoint the Tucson City Clerk as an authorized agent for the purpose of service of notices of claims. (*Id.* at 3-5.) Defendants argue that, even if the Tucson City Clerk receives notification of all claims against City employees, A.R.S. § 12-821.01 and Ariz. R. Civ. P. 4.1(d) require service on authorized agents rather than "someone who may just receive notification of the notice of claim." (*Id.* at 5.) Defendants point out that Appendix B to the Risk Management Policy contains a form for filing a notice of claim against the City of Tucson, and that the form specifically states that the Tucson City Clerk "may not accept service of claims or lawsuits filed against individual employees or their spouses." (*Id.*; *see also* Doc. 68-2 at 21.) Defendants also argue that, even if the language in the Risk Management Policy could be construed as attempting to appoint the Tucson City Clerk as an agent authorized to accept service of notices of claims on behalf of city employees, as a matter of law an agent cannot confer authority upon itself; "the authority must come

from the actions of the principal." (Doc. 68 at 6.) Finally, Defendants argue that the City Attorney's receipt of the notice of claim and subsequent representation of Defendants in this matter is insufficient as a matter of law to constitute compliance with A.R.S. § 12-821.01 and Ariz. R. Civ. P. 4.1(d), because Defendants were not represented by the City Attorney when the Tucson City Clerk forwarded the notice of claim to the City Attorney's Office, and Defendants had not authorized the City Attorney at that point in time to accept service on their behalf. (*Id.* at 6-8.)

As an initial matter, the Court finds that Defendants did not have a prior opportunity to respond to Plaintiff's arguments concerning the City of Tucson Risk Management Policy because Plaintiff referred to the Risk Management Policy for the first time in a surreply filed without leave of Court.[2] The Court also finds that Defendants have shown in their Motion for Reconsideration that the Tucson City Clerk is not an authorized agent for purposes of service of notices of claims against individual City employees. As the Court previously noted, the Risk Management Policy specifies that the Tucson City Clerk receives notification of all claims against the City of Tucson as well as its employees; however, this language is insufficient to show that the Tucson City Clerk is "an agent authorized by appointment or by law to receive service of process" on behalf of individual City employees. *See* Ariz. R. Civ. P. 4.1(d)(3). Furthermore, as Defendants point out, Appendix B to the Risk Management Policy specifically states that the Tucson City Clerk "may not accept service of claims or lawsuits filed against individual employees." (Doc. 68-2 at 21.)

The parties have not identified any law authorizing the Tucson City Clerk to accept service of notices of claims against individual City employees, and the Court is not aware of any. Defendants have presented affidavits from Barry, Parrish, and Glass averring that they did not appoint the Tucson City Clerk as an agent authorized to accept service of notices of claims on their behalf and that they were never served with a notice

---

[2] However, the Court notes that Defendants did not move to strike the surreply and did not seek leave to respond to it prior to the Court's resolution of the Motion for Partial Summary Judgment.

1 | of claim from Plaintiff. (Doc. 23-2 at 13-14, 16-17, 19-20.) Defendants have shown that Barry, Parrish, and Glass had not consented to representation by the City Attorney at the time the Tucson City Clerk forwarded a copy of Plaintiff's notice of claim to the City Attorney. (Doc. 68-2 at 24-32; *see also* Doc. 68-2 at 34-36.)

Plaintiff was represented by an attorney at the time she mailed copies of her notice of claim to the Tucson City Clerk. During the October 4, 2018 hearing, she averred that the attorney representing her at that time assured her that the notices of claim had been properly served. Although the Court is sympathetic to Plaintiff's predicament, Arizona law is clear that strict compliance with A.R.S. § 12-821.01 is required and that neither substantial compliance nor actual notice is sufficient. *Falcon ex rel Sandoval v. Maricopa Cnty.*, 144 P.3d 1254, 1256 (Ariz. 2006). Plaintiff's former attorney failed to strictly comply with A.R.S. § 12-821.01. As a result, Plaintiff's state-law claims against Barry, Parrish, and Glass are barred. *See Falcon ex rel Sandoval*, 144 P.3d at 1256 ("If a notice of claim is not properly filed within the statutory time limit, a plaintiff's claim is barred by statute.").

**IT IS ORDERED** that Defendants' Motion for Reconsideration (Doc. 68) is **granted**. The portion of the Court's July 30, 2018 Order finding a material factual issue as to whether Plaintiff properly served her notice of claim on Barry, Parrish, and Glass (Doc. 66 at 5-9) is **vacated**.

. . . .
. . . .
. . . .
. . . .
. . . .
. . . .
. . . .
. . . .
. . . .

**IT IS FURTHER ORDERED** that Defendants' Motion for Partial Summary Judgment (Doc. 22) is **granted** as to the issue of whether Plaintiff properly served her notice of claim on Barry, Parrish, and Glass. The Court grants summary judgment in favor of Defendants on Plaintiff's state-law claims, on the grounds that the claims are barred by A.R.S. § 12-821.01.

Dated this 19th day of October, 2018.

*/s/ Rosemary Márquez*
Honorable Rosemary Márquez
United States District Judge